```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL LUGO,                    )
                                ) Civil Action
              Petitioner        ) No. 13-cv-03943
                                )
       vs.                      )
                                )
GERALD ROZUM,                   )
THE DISTRICT ATTORNEY OF THE    )
COUNTY OF LEHIGH and            )
THE ATTORNEY GENERAL OF THE     )
STATE OF PA,                    )
                                )
              Respondents       )
```

O R D E R

NOW, this 27th day of June, 2016, upon consideration of the following documents:

    (1)    Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by petitioner Daniel Lugo pro se on June 24, 2013;[1] together with

    (2)    Response to Petition for Writ of Habeas Corpus, which response was filed on behalf of respondents on March 27, 2014;

    (3)    Application for Stay and Abeyance, which application was filed by petitioner pro se on April 17, 2014;

    (4)    Report and Recommendation of United States Magistrate Judge Thomas J. Rueter dated and filed April 15, 2014; and

    (5)    Objections to Report and Recommendation filed by petitioner pro se on June 6, 2014;

---

[1] Mr. Lugo's petition for writ of habeas corpus was filed in this court on July 8, 2013. However, the petition itself indicates that it was signed by petitioner on June 24, 2013 and placed in the prison mailing system that same date. Thus, giving petitioner the benefit of the prison mailbox rule, (See Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts), I consider June 24, 2013 the filing date of Mr. Lugo's petition.

it appearing that petitioner's objections to Magistrate Judge Rueter's Report and Recommendation are a restatement of the issues raised in his underlying petition for habeas corpus relief and are without merit; it further appearing after de novo review of this matter that Magistrate Judge Rueter's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

<u>IT IS ORDERED</u> that Magistrate Judge Rueter's Report and Recommendation is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that petitioner's objections to Magistrate Judge Rueter's Report and Recommendation are overruled.[2]

---

[2] When objections are filed to a magistrate judge's report and recommendation, we are required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  <u>Raddatz</u>, <u>supra</u>.

As noted above, I conclude that petitioner's objections to Magistrate Judge Rueter's Report and Recommendation are nothing more than a restatement of the underlying claims contained in his petition for habeas corpus.  Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner.

IT IS FURTHER ORDERED that the pro se petition for habeas corpus relief is dismissed as time-barred by the statute of limitations.

IT IS FURTHER ORDERED that the Application for Stay and Abeyance is denied.[3]

IT IS FURTHER ORDERED that because petitioner does not demonstrate a substantial showing of the denial of a constitutional right, and because reasonable jurists could not find this ruling denying habeas corpus relief debatable, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

[3] Petitioner seeks to have this court delay decision in this matter through the stay and abeyance procedure approved by the United sattes Supreme Court in Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). However, I conclude that petitioner has not raised a potentially meritorious claim under the United States Supreme Court holding in Montgomery v. Louisiana, __ U.S. __, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) that the Supreme Court ruling in Miller v. Alabama, __ U.S. __, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) be given retroactive effect.

Specifically, I conclude that Montgomery and Miller do not apply to petitioner's sentence because he was twenty-two years old at the time he committed the offenses and because he did not receive a mandatory life sentence. See Report and Recommendation at page 2, footnote 1. Thus, because I conclude that petitioner is not entitled to any relief under Montgomery and Miller, I conclude that there is no legal reason to stay and abey this matter.

Accordingly, I deny petitioner's Application for Stay and Abeyance.